UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MAHAMADOU KONATE,

    Plaintiff,

v.

OFFICER VANDER LAAN, et al.,

    Defendant.

Civil Action No. 5: 24-154-KKC

MEMORANDUM OPINION
AND ORDER

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Mahamadou Konate brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [R. 1]. The Court must review the complaint before this case may proceed. 28 U.S.C. § 1915(e)(2). At this preliminary stage, the Court accepts non-conclusory factual allegations as true and liberally construes legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court is required to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

On December 24, 2023, Officer Robert Vander Laan of the University of Kentucky Police Department pulled over Konate as he was driving in his vehicle. Before the stop, Officer Vander Laan observed the vehicle driving at a high rate of speed in a non-linear fashion and "recklessly" performing two consecutive U-turns. After the stop, he observed

what he believed were several signs of Konate's alcohol intoxication, including red eyes, slurred speech, and the smell of alcohol. Vander Laan administered a field sobriety test and concluded that it evidenced signs of impairment. Officer Vander Laan then issued a citation asserting that Konate was driving under the influence of alcohol, improperly turned his vehicle, and had engaged in reckless driving. Konate was arrested.[1]

The Fayette County District Court appointed public defender Michael Beattie to represent Konate. In his original complaint, Konate states that he persistently indicated his desire to go to trial, but that Beattie did not investigate his case, pressured him to plead guilty, and lied to the trial court. *See* [R. 1 at 1-3]. Konate ultimately pleaded guilty to improper turning, for which he was fined $153.00 and to the one day of confinement that he had already served in jail. The other charges were dismissed. Konate asserts that Beattie's actions amounted to ineffective assistance of counsel and rendered his guilty plea involuntary. *See id*. at 4-6.

In his original pleading, titled "Motion to File Complaint against Public Defender for Ineffective Assistance of Counsel and Professional Misconduct," Konate sought damages from Beattie for asserted violation of his rights under the Sixth Amendment. *See* [R. 1 at 7-9]. However, Konate abandoned those claims by filing an Amended Complaint, *see* [R. 6], that included other claims but did not include his claims against Beattie. *See* 6 Charles Alan

---

[1] The current docket for this case, *Commonwealth v. Konate*, No. 23-T-18276 (Fayette Dist. Ct. 2023), can be reviewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=23-T-18276&caseTypeCode=TR&client_id=0 (accessed June 18, 2024).

Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2023) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case ..."). In any event, the civil rights claims against Beattie fail as a matter of law because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Court will therefore dismiss the claims against Michael Beattie with prejudice.

Konate recently filed his "Amended Complaint for Violation of Civil Rights, False Arrest, and Malicious Prosecution."[2] [R. 6]. Konate names Officer Vander Laan and the University of Kentucky as defendants.[3] Konate alleges that, during the traffic stop, he informed Vander Laan that he did not consume alcohol because he is a Muslim. Konate further asserts that he "capably" performed the actions required of him during the field sobriety test. *See id*. at 2-4. Konate asserts that Vander Laan disregarded such matters and made false statements about his sobriety in the traffic citation. Konate contends that Vander

---

[2] Konate failed to sign his amended complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. *See* [R. 6 at 14]. And typing out his name, as Konate did in his certificate of service, does not constitute a valid signature. *See* Rule 11, Federal Rules of Civil Procedure, Rules and Commentary ("The word 'signature' means a handwritten signature or other hand-placed mark. Outside of the CM/ECF system, a party or attorney does not satisfy Rule 11's signature requirement by having his name appear in type at the end of the document.") (*citing Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). The Court disregards the oversight in this instance, but Konate must comply with this – and all other applicable procedural rules – in the future.

[3] The University of Kentucky is incorrectly identified as a plaintiff in the docket. The Court will direct the Deputy Clerk to correct the administrative error.

Laan arrested him without probable cause in violation of the Fourth and Fourteenth Amendments. He further states that Vander Laan's arrest was based upon his race in violation of the Equal Protection Clause. Finally, Konate asserts that the University of Kentucky failed to adequately train and supervise its officers. *Id.* at 4-10.

The Court will dismiss the claims against the University of Kentucky with prejudice. The Eleventh Amendment to the Constitution generally bars suits brought in federal court against a state and its agencies. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Public universities in Kentucky, including the University of Kentucky, constitute "arms of the state" for Eleventh Amendment purposes, and are therefore immune from suit. *Hutsell v. Sayre*, 5 F. 3d 996, 999-1000 (6th Cir. 1993). Further, a state and its instrumentalities do not constitute a "person" amenable to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

The Court will dismiss without prejudice Konate's equal protection claim against Officer Vander Laan because his claim of race-based discrimination is a mere conclusion unsupported by facts and therefore does not raise his claim for relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will also dismiss, with prejudice, Konate's claim predicated upon 18 U.S.C. § 242 for lack of standing. Section 242 is a criminal statute, and there is no private right of action to enforce it. *See Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004).

4

Konate's claim that the officer lacked probable cause for his arrest present more complex issues. A police officer has probable cause to arrest a suspect if the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); *Thacker v. City of Columbus*, 328 F.3d 244, 260 (6th Cir. 2003). Upon initial screening, the non-conclusory factual allegations in the complaint control, *Davis*, 679 F.3d at 438, and at first blush Konate's allegations appear sufficient. However, Konate was found guilty of at least one of the traffic offenses that occasioned his arrest. And his claims in this case may not be pursued if their success would call into question the validity of that conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). Still, that is a matter better decided upon a more fully-developed record. The Court will therefore order the United States Marshals Service ("USMS") to serve defendant Officer Robert Vander Laan on Konate's behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Accordingly, it is **ORDERED** as follows:

1. The Deputy Clerk is **DIRECTED** to correctly identify the University of Kentucky as a defendant in the docket.

2. Plaintiff Mahamadou Konate's claims against Michael Beattie and the University of Kentucky are **DISMISSED** with prejudice.

3.  Konate's equal protection claim against Officer Vander Laan is **DISMISSED** without prejudice; Konate's claim under 18 U.S.C. § 242 is **DISMISSED** with prejudice.

4.  A Deputy Clerk shall prepare a "Service Packet" for defendant Officer Robert Vander Laan.  Each Service Packet shall include:

    a.  a completed summons form;
    b.  the amended complaint [R. 6];
    c.  this Memorandum Opinion and Order; and
    d.  a completed USM Form 285.

5.  The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky.

6.  The USMS shall make arrangements with the appropriate officials at the University of Kentucky Police Department to personally serve Officer Robert Vander Laan with the Service Packet at:

    University of Kentucky Police Department
    305 Euclid Avenue
    Lexington, KY  40506

Entered:  June 21, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY