UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MAHAMADOU KONATE,

    Plaintiff,

v.

OFFICER VANDER LAAN, et al.,

    Defendant.

Civil Action No. 5: 24-154-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Robert Vander Laan has filed a motion to dismiss the complaint filed by plaintiff Mahamadou Konate. *See* [R. 18] Konate has filed his response, *see* [R. 21], to which the defendant has replied, *see* [R. 22]. The motion is ripe for decision.

### A. Background

In his complaint, Konate alleges that Officer Robert Vander Laan of the University of Kentucky Police Department pulled over his vehicle in the early morning hours of December 24, 2023. [R. 6 at 2] Vander Laan stated in his citation that Konate had been driving erratically, and that upon speaking with him, Konate's eyes were red, he slurred his speech, and smelled of alcohol. [R. 6 at 4] Vander Laan conducted a field sobriety test; Konate states he performed the tests "capably." *Id*. at 2. In response to questioning Konate told the officer that he was a devout Muslim and did not drink alcohol. *Id*. at 2. Konate further states that video from the officer's body camera ("BWV") "shows Plaintiff's calm demeanor, coherent speech, and successful completion of field sobriety tests." [R. 6 at 6]

Vander Laan nonetheless arrested Konate and charged him with various traffic violations and driving under the influence of alcohol ("DUI"). [R. 6 at 2-3] Konate states that at the

detention center he refused to take a breathalyzer test because he feared Vander Laan "would falsify the results." He further alleges that Vander Laan knowingly made false statements in the citation regarding the alleged signs of intoxication, including red eyes and slurred speech. [R. 6 at 4] In his complaint, Konate claims that Vander Laan violated the Fourth Amendment's prohibition against unreasonable searches and seizures because he arrested him for driving under the influence without probable cause. [R. 6 at 5-6] Konate further asserts that Vander Laan violated his Due Process rights under the Fourteenth Amendment[1] when he arrested him for DUI by "based on fabricated allegations and despite clear exculpatory evidence." *Id*. at 6-7.[2]

Following his arrest and overnight detention, Konate eventually pleaded guilty to improper turning, a minor traffic offense. The Fayette District Court ordered him to pay a small fine, and to the one day in jail he had already spent when he was originally arrested. All other charges, including for driving under the influence, were dismissed in light of "evidentiary issues" unspecified by the prosecutor.[3]

## B. Discussion

In his motion, Vander Laan seeks dismissal on several grounds. He contends that probable cause existed for the DUI arrest, Konate's guilty plea to improper turning bars his civil

---

[1] Vander Laan asserts categorically that this claim is viable, if at all, only under the Fourth Amendment. [R. 18 at 9] But the law on that point has long been unsettled, even more so recently in light of *dicta* from the Supreme Court. *See Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024) (assuming without deciding that a malicious prosecution claim can be asserted under the Fourteenth Amendment in light of the Supreme Court's statements in *Thompson v. Clark*, 596 U.S. 36, 42, 142 S. Ct. 1332 (2022)). At this juncture, the Court so assumes as well.

[2] Konate asserted other claims, but the Court dismissed them upon initial screening. *See* [R. 8]

[3] The current docket for this case, *Commonwealth v. Konate*, No. 23-T-18276 (Fayette Dist. Ct. 2023), can be reviewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=23-T-18276&caseTypeCode=TR&client_id=0 (accessed March 28, 2025).

claims related to the dismissed charge for driving under the influence, and he is entitled to qualified immunity. [R. 18 at 1-2]  But video from Vander Laan's body camera does not categorically rebut the facts Konate relies upon to contend that probable cause did not exist to arrest him for drunk driving.  And Vander Laan's other grounds for dismissal are flawed. Because factual issues remain at this time, the Court will deny his motion to dismiss.

The Court begins with Vander Laan's central argument: that video footage from his body camera establishes that there was probable cause to arrest Konate for driving under the influence, refuting Konate's allegations in his complaint to the contrary. [R. 18 at 14-17]  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014).  When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).  Ordinarily, the sufficiency of the complaint is tested with reference only to the face of the complaint itself. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013). But if a plaintiff refers to a document in his complaint and it is central to his claim, the document will be considered part of the pleadings even when the plaintiff does not attach it to his complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mtg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

Here Vander Laan invokes a permutation of this latter rule, which permits the Court to disregard allegations in a complaint if they are clearly disproven by video of pertinent events referenced and relied upon by the plaintiff in his complaint.  The Supreme Court long ago held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by

3

the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007). The Sixth Circuit has imported that rule from the summary judgment context to motions to dismiss under Civil Rule 12(b)(6). *Cf. Bailey v. City of Ann Arbor*, 860 F.3d 382, 386-87 (6th Cir. 2017) (indicating that where "the video 'utterly discredits' the plaintiff's version of events" the Court can "ignore the 'visible fiction' in his complaint" when deciding a motion to dismiss) (cleaned up).

In his citation, Vander Laan asserted that Konate was driving at a high rate of speed, although he was not charged with speeding. [R. 18-2 at 2] He also alleged that Konate was not driving in a straight line, and then "recklessly" performed two consecutive "U-turns." *Id*. The citation does not clearly explain how the driving maneuvers were "reckless." After Vander Laan stopped Konate's vehicle, Vander Laan alleges that Konate slurred his speech, had "red/watery droopy eyes," and that the car and/or Konate smelled of alcohol. [R. 18-2 at 2] Vander Laan conducted a field sobriety test, which he concluded "indicate[d] clues of physical and cognitive impairment." *Id*. In his motion to dismiss, Vander Laan points to other matters discernible from the BWV which, he asserts, are indicative of intoxication. These include various statements made by Konate regarding whether he consumes alcohol generally or had done so that evening, the results of various field sobriety tests,[4] and a positive result from an on-scene preliminary breathalyzer test ("PBT"). *See* [R. 18 at 3-6]

Vander Laan contends that the evidence from the BWV establishes that probable cause existed for the DUI charge. Here, the Court must be mindful that neither *Bailey* nor *Scott* create a broad license for district courts to weigh evidence when evaluating the viability of a legal claim

---

[4] These included that Horizontal Gaze Nystagmus test, the Walk-and-Turn test, and the One-Leg-Stand Test. [R. 18 at 5]

in a motion to dismiss. To the contrary, a complaint's allegations **must** be accepted as true unless the plaintiff's claim hinges upon a fact that is *clearly rebutted* by video evidence. *See Bailey*, 860 F.3d at 387 ("If Bailey's pleadings internally contradict verifiable facts central to his claims, that makes his allegations implausible. That's why our sister courts have considered videos when granting motions to dismiss.") (citation omitted). But in this case, the BWV "does not 'so blatantly and conclusively contradict' the allegations in the complaint that 'no reasonable jury could find in [plaintiff's] favor." *Osberry v. Slusher*, 750 F. App'x 385, 390 (6th Cir. 2018).

The Court's view of the BWV provides more than adequate ground for a reasonable jury to reject Vander Laan's assessments regarding Konate's alleged intoxication. First, the BWV begins after Vander Laan had pulled over Konate's vehicle, so it provides no indication at all regarding the viability of the charges for reckless driving or improper turning, or that reckless driving occurred as an indicator of Konate's alleged intoxication. Second, while Vander Laan repeatedly states that he smells alcohol near and around Konate, video can provide evidence only of what he saw and what he heard, but nothing at all about what he smelled. That technology is not yet available.[5]

Third, the Court has reviewed the entirety of the approximately 90 minutes of BWV, and can find no evidence to support Vander Laan's assessment that Konate slurred his speech or had "red/watery droopy eyes," either at the time of the initial stop or more than an hour later at the

---

[5] The Court is mindful that an unscrupulous individual, whether officer or suspect, can create the *impression* that a fact unverifiable by a video - like the smell of alcohol or the experience of pain - is true merely by repeatedly stating that it is so in the BWV. Indeed, Vander Laan leans heavily into that impression in his motion to dismiss. [R. 18 at 15, 17] The Court suggests no impropriety here, but notes the possibility only to emphasize what evidence a BWV is capable of providing and that which it cannot.

detention center. Fourth, Vander Laan candidly acknowledges that the BWV shows Konate substantially passing the field sobriety tests. [R. 18 at 17]

Fifth, Vander Laan relies upon Konate's asserted inability to follow instructions during the field sobriety test. [R. 18 at 5, n. 27, 18] But Vander Laan fails to clearly identify what specific instructions Konate allegedly did not follow. And during the referenced timestamp in the BWV, Konate substantially follows those instructions, given in a language that is not his native tongue, during a roadside stop, while performing an unfamiliar balance test, at 2:30 a.m. in the morning, while his passenger and another officer are audibly heard talking in the background while with the instructions were being given. Sixth and finally, Vander Laan asserts that the preliminary breathalyzer test detected the presence of alcohol. [R. 18 at 5] But he points only to his own statements to that effect in the BWV to support that assertion. *See id*. at 5, n.29. The BWV itself does not visually depict the results of the PBT, and Vander Laan does not provide any documentation showing the results of the PBT. Again, the Court is left with only Vander Laan's unsupported assertion that the PBT indicated the presence of alcohol.[6] This is not to say that there is no inculpatory evidence at all in the BWV. Vander Laan correctly points out inconsistencies in Konate's statements about whether he did or did not drink alcohol, either as a general matter or that evening. But Vander Laan has failed to show that no reasonable jury viewing the BWV could conclude that probable cause was absent. Dismissal upon that ground is therefore not warranted. *Cf. Osberry*, 750 F. App'x at 390.

---

[6] Notably, after the PBT allegedly produced a positive test result, Vander Laan initiated an extensive conversation with Konate in an effort to get him to admit that he had been drinking. *See* [R. 18-1 at 15:20-18:45] That undertaking would seemingly have been wholly unnecessary if the PBT had produced a positive result.

Vander Laan next argues that Konate's guilty plea to the minor traffic violation of improper turning conclusively established probable cause for his *arrest*. [R. 18 at 9-13] That argument simply fails.

Vander Laan begins by noting that "[b]oth reckless driving and DUI are arrestable offenses." [R. 18 at 1] That is correct. In Kentucky, a peace officer may make a warrantless arrest for reckless driving (a violation of Ky. Rev. Stat. 189.290(1)) if it was committed in his or her presence, and for DUI (a violation of Ky. Rev. Stat. 189A.010) if the officer has probable cause the arrestee has committed that offense. *See* Ky. Rev. Stat. 431.005(1)(e). But both of those charges were promptly *dismissed* by the prosecutor in proceedings before the Fayette District Court because of "evidentiary issues." Neither of those offense can therefore supply the necessary probable cause at this juncture to justify Konate's arrest because there is no guilty plea to conclusively establish that he committed them. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him.") (cleaned up).

That relegates Vander Laan to the sole charge Konate did plead guilty to - improper turning – to justify his arrest. [R. 18 at 9 ("Konate pled guilty to Improper Turning which as a matter of law established probable cause for his arrest.")] That assertion is facially incorrect: a guilty plea establishes the defendant's guilt of the underlying offense, but not every offense is one that justifies *arrest*. Vander Laan attempts to bridge the logical gap, without success. He begins by asserting that "[i]f Officer Vander Laan had probable cause to arrest Konate 'for any of the charged offenses, [then his] false arrest claim must fail.'" [R. 18 at 10 (*quoting Fineout v.*

7

*Kostanko*, 780 F. App'x 317, 328 (6th Cir. 2019))]  But the Supreme Court has rejected that view, which only the Sixth Circuit had ever endorsed.  *See Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 563, 144 S. Ct. 1745 (2024) ("So if an invalid charge - say, one fabricated by police officers - causes a detention either to start or to continue, then the Fourth Amendment is violated.  And that is so even when a valid charge has also been brought ...")

Vander Laan then argues that "it is well established in Kentucky that improper turning is a violation of KRS 189.290(1)."  [R. 18 at 11 (*citing United States v. Scott*, 338 F. App'x 517, 518 (6th Cir. 2009))]  If that were true, it would make improper turning an arrestable offense.  But it isn't, and even a cursory review of *Scott* makes plain that the Sixth Circuit did not so hold. The Sixth Circuit stated that "the Kentucky Supreme Court has specifically held, however, that excessive speed or driving erratically constitutes *reckless driving* in violation of § 189.290(1)." *Scott*, 338 F. App'x at 518 (emphasis added).  By suggesting otherwise, Vander Laan conflates the criminal offense itself (reckless driving) with the underlying conduct which may warrant a charge for it (*i.e.*, speeding and/or turning improperly).  And factually, Vander Laan's repeated assertion that improper turning is charged as a traffic violation under Section 189.290(1) is flatly refuted by the very Uniform Citation that he issued to Konate.  There, Vander Laan's charge against Konate for "improper turning" was pressed under a different statute, Ky. Rev. Stat. 189.330, aptly labeled "Turning and right-of-way at intersections."  *See* [R. 18-2 at 2 (Uniform Citation)]  The record therefore establishes that Konate was not convicted of an arrestable offense under Kentucky law, leaving the determination of probable cause for his arrest very much in question.

Vander Laan also briefly argues that Konate's civil claim - that his arrest *for driving under the influence* was not supported by probable cause - somehow represents a "request [for]

8

this Court to invalidate his guilty plea for *improper turning* ...” in contravention of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  [R. 18 at 13, n.90 (emphasis added)]  The Court struggles to make heads or tails of this argument.  *Heck* forbids Konate from seeking civil damages based upon an asserted set of facts which, if true, would "*necessarily*" cast doubt upon the validity of an extant criminal conviction.  But here Konate alleges that he was not intoxicated and claims that Officer Vander Laan lacked any probable cause to charge him with driving under the influence.  Nothing in those allegations, if true, would necessarily imply the invalidity of his conviction for improper turning: one may presumably "improperly turn" a vehicle in all kinds of ways that don't involve or require intoxication, and the converse would also appear to be true.  As the Supreme Court has directed, "[c]onsistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate [malicious prosecution] suits like Chiaverini's charge by charge." *Chiaverini*, 602 U.S. at 562.  Konate's civil claim related to a factually distinct criminal charge that was dismissed does not implicate *Heck* here.

Vander Laan also argues that Konate cannot state a malicious prosecution claim because he suffered no deprivation of his liberty caused by his arrest for driving under the influence.  [R. 18 at 18-19]  That argument also founders at this early stage of the case.  Konate was arrested at the scene, taken to the detention center and held for approximately one hour, and was apparently not released from jail until the next morning.  Further, the record does not contain any information regarding what, if any, conditions, were placed upon his release pending trial.  All of these matters are central to determining whether Konate suffered a deprivation of his liberty apart from the initial seizure.  That requirement is not demanding, and is satisfied if the arrestee can point to any restriction on his movement (such as pretrial detention), restriction of travel, or any other "restraints not shared by the public generally." *McDonough v. Smith*, 588 U.S. 109,

117 n.4 (2019) (*quoting Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 301 (1984)); *see also Johnson v. City of Cincinnati*, 310 F.3d 484, 492-93 (6th Cir. 2002).

Finally, Vander Laan claims entitlement to qualified immunity. [R. 18 at 20-22] But his assertion of that defense is limited to two pages of largely generic argument presented at the motion to dismiss stage. That approach is problematic in two respects. First, a qualified immunity defense may not be asserted in conclusory form: it must be presented fully developed with an adequate factual foundation and legal argument. *Cockrun v. Berrien Cnty., Michigan*, 101 F.4th 416, 420 (6th Cir. 2024). In this regard, the Court notes that Vander Laan failed to properly authenticate the BWV; instead, he simply filed it into the record. [R. 18-1] Second, the Sixth Circuit has repeatedly made clear that "although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015). That is not an inflexible rule: qualified immunity can be granted through a motion to dismiss if it "is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Jackson v. Schultz*, 429 F.3d 586, 589-90 (6th Cir. 2005). But as the foregoing discussion makes clear, that is not (yet) the case here. Vander Laan may therefore renew his qualified immunity defense at a later time upon a more thoroughly developed factual and legal record.

Given the Court's disposition of the motion to dismiss, it will refer this matter to a Magistrate Judge for pretrial management.

Accordingly, it is **ORDERED** as follows:

1. Vander Laan's motion to dismiss [R. 18] is **DENIED**.

2.	Vander Laan shall **FILE** his answer or other responsive pleading within twenty-one (21) days.

3.	This matter is **REFERRED** to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions.

4.	The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

Entered: March 31, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY